**COLT B. DODRILL, ESQ.**
Nevada Bar No. 9000
**WOLFE & WYMAN LLP**
980 Kelly Johnson Drive, Ste 140
Las Vegas, NV  89119
Tel: (602) 953-0100
Fax: (602) 953-0101
cbdodrill@wolfewyman.com

Attorneys for Plaintiff
**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, MASTER ALTERNATIVE LOAN TRUST 2004-2 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-2**

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, MASTER ALTERNATIVE LOAN TRUST 2004-2 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-2,<br><br>       Plaintiff,<br>  v.<br><br>THUNDER PROPERTIES INC.; DOES 1 through 10, inclusive; ROES Business Entities 1 through 10, inclusive; and all others who claim interest in the subject property located at 3270 Dutch Creek Court, Reno, NV 89509,<br><br>       Defendants. | CASE NO.<br><br>**COMPLAINT FOR QUIET TITLE** |

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, MASTER ALTERNATIVE LOAN TRUST 2004-2 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-2 ("USB"), by and through its counsel of record, Wolfe & Wyman LLP, hereby complains against Defendants as follows:

## STATEMENT OF JURISDICTION

1.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this claim challenges the constitutionality of Nevada's HOA foreclosure statutes.

2.     This Court also has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332

1

2017001.1

because this claim is between diverse parties and the amount in controversy exceeds $75,000.00.

3. This matter involves certain real estate located at 3270 Dutch Creek Court, Reno, NV 89509 ("Subject Property") and falls under the jurisdiction of this Court.

## PARTIES

4. USB is a national banking association formed under the laws of the United States with its principle executive offices in the state of Minnesota.

5. Defendant, THUNDER PROPERTIES INC., is an entity organized under the laws of Nevada and doing business in the state of Nevada.

6. USB is unaware of the true names and capacities, whether corporate, individual, associate, or otherwise of the other Defendants, and therefore sues those Defendants by fictitious names DOE or ROE BUSINESS ENTITY. When USB ascertains the identities and exact nature of such fictitious Defendants, it will seek leave of this Court to amend this Complaint to assert the true names thereupon.

## FACTUAL ALLEGATIONS

7. This action centers around the parties' rights in that certain real property commonly described as 3270 Dutch Creek Court, Reno, NV 89509; APN 009-511-32. The Subject Property is legally described as follows:

Parcel 1:

Unit 59 of RIVER RUN UNIT II, a planned unit condominium project, according to the map thereof, filed in the office of the county Recorder of Washoe County, State of Nevada, on April 30, 1985, as Tract Map No. 2245.

Parcel Two 2:

An undivided fractional interest in the Common Area, which fractional interest is determined as set forth in the Declaration of Covenants, Conditions and Restrictions for RIVER RUN UNIT I, filed in the office of the County Recorder of Washoe County, State of Nevada, on April 26, 1985 as Document No. 993228, in Book 2160, Page 821, and a supplemental thereto recorded October 10, 1985, in Book 2236, Page 967, as Document No. 1027566, Official Records.

Grantee's present interest in the undivided interest is subject to possible partial defeasance upon inclusion of any subsequent phase(s), to the condominium.

TOGETHER WITH that pro-rata portion of declarant's interest in the Common Area and facilities of the property in any subsequently added

2

phase(s) all as expressly provided for in said Declaration.

EXCEPTING THEREFROM that portion of the Common Area conveyed to the Caughlin Ranch Homeowner's Association, a Nevada non-profit corporation, by Deed recorded February 12, 1990, in Book 3034, Page 862, Document No. 1380356, Official Records.

Parcel 3:

The exclusive right to use the limited Common Area appurtenant to Unit No. 59 as set forth in the above-described Declaration of Covenants, Conditions and Restrictions.

Parcel 4:

The non-exclusive easement to use the Common Area as set forth in the above described Declaration of Covenants, Conditions and Restrictions or in the above described condominium map.

8. USB is informed, believes, and thereon alleges that the Subject Property falls within the Covenants, Conditions, and Restrictions of the Caughlin Ranch Homeowners Association ("HOA").

*USB's Interest in the Property*

9. USB is informed and believes and thereon alleges that at all times relevant to this action Philip Schweber was title owner of record of the Subject Property.

10. In 2002, the Subject Property was conveyed to Philip Schweber. A Grant, Bargain, Sale Deed evidencing the conveyance was recorded[1] on April 30, 2002 as Instrument Number 2682601.

11. On or about November 26, 2003, Philip Schweber entered into a mortgage loan transaction ("Subject Loan") in which he borrowed $175,000.00 from National City Mortgage Co, evidenced by a Note and secured by the Subject Deed of Trust encumbering the Subject Property recorded in the official records of the Washoe County Recorder on November 26, 2003 as Instrument Number 2959942.

12. On or about August 7, 2013, an Assignment of Deed of Trust was recorded as Instrument Number 4266769 whereby PNC Bank, National Association, as successor by merger to National City Mortgage Inc., formerly known as National City Mortgage Co., assigned the Subject

---

[1] Unless stated otherwise, all recorded documents referred to herein were recorded in the official records of the Washoe County Recorder.

3

1  Deed of Trust to Mastr [sic] Alternative Loan Trust 2004-2 Mortgage Pass Through Certificates,
2  Series 2004-2, U.S. Bank National Association, as Trustee, Successor in Interest to Wachovia Bank,
3  National Association, as Trustee, by PNC BSNK [sic] National Association as Servicer with
4  Delegated Authority under the Transaction Documents.

5      13.     USB is the current beneficiary of the Subject Deed of Trust.

6  ***The HOA Foreclosure and Thunder Properties Inc.'s Alleged Acquisition of the Property***

7      14.     The Property is subject to a Declaration of Covenants, Conditions & Restrictions of
8  the HOA (the "CC&Rs").  The CC&Rs were recorded on or about August 8, 1984, as Instrument
9  Number 942122.

10     15.     On or around July 10, 2013, a Notice of Delinquent Assessment Lien was recorded as
11 Instrument Number 4256564 on behalf of the HOA by its foreclosure agent.

12     16.     The Notice of Delinquent Assessment Lien referred to in the above paragraph recited
13 that "amount due as of 8/8/2013 [is] $2,165.35."

14     17.     On or about August 14, 2013, a Notice of Default and Election to Sell Under Notice
15 of Delinquent Assessment Lien was recorded as Instrument Number 4269049 on behalf of the HOA
16 by its foreclosure agent.

17     18.     The Notice of Default and Election to Sell Under Notice of Delinquent Assessment
18 Lien referred to in the above paragraph recited that "the amount is $3,065.71 as of 8/13/2013."

19     19.     On or about January 13, 2014, a Notice of Sale was recorded as Instrument Number
20 4316971 on behalf of the HOA by its foreclosure agent.

21     20.     The Notice of Sale identified in the above paragraph recites that "the amount of
22 $5,389.74 as of 1/10/2014 … includes the total amount of the unpaid balance and reasonably
23 estimated costs, expenses and advances at the time of the initial publication of this notice."

24     21.     None of the aforementioned notices identified above identified what portion of the
25 claimed lien were for alleged late fees, interest, fines/violations, or collection fees/costs.

26     22.     None of the aforementioned notices identified above specified what portion of the
27 lien, if any, that the HOA claimed constituted a "super-priority" lien.

28     23.     None of the aforementioned notices identified above specified whether the HOA was

1 foreclosing on the "super-priority" portion of its lien, if any, or under the non-super-priority portion
2 of the lien.
3     24.    None of the aforementioned notices identified above provide any notice of a right to
4 cure.
5     25.    On or about April 8, 2014, a Trustee's Deed Upon Sale was recorded as Instrument
6 Number 4342428, stating that Thunder Properties Inc. had prevailed at an HOA lien foreclosure sale
7 conducted on March 11, 2014 ("the HOA Sale").
8     26.    According to the recorded Trustee's Deed Upon Sale, the sales price at the HOA Sale
9 was $6,600.00.
10     27.    Upon information and belief, the HOA and its foreclosure agents did not comply with
11 all mailing and noticing requirements stated in N.R.S. 116.31162 through N.R.S. 116.31168.
12     28.    Upon information and belief, the HOA assessment lien and foreclosure notices
13 included improper fees and costs in the amount demanded.
14     29.    The HOA Sale violated USB's rights to due process because it, its agents, loan
15 servicers, and/or predecessors in interest were not given proper, adequate notice and the opportunity
16 to cure the deficiency or default in the payment of the HOA's assessments.
17     30.    The HOA Sale was an invalid sale and could not have extinguished USB's secured
18 interest because of defects in the notices given, if any, to USB, its agents, loan servicers, and/or
19 predecessors in interest.
20     31.    Without providing USB or its agents, loan servicers, or predecessors in interest with
21 notice of the correct super-priority amount and a reasonable opportunity to satisfy that amount,
22 including its failure to identify the super-priority amount and its failure to adequately describe the
23 deficiency in payment as required by Nevada law, the HOA's foreclosure sale is commercially
24 unreasonable and deprives USB of its right to due process.
25     32.    Extinguishment of USB's Deed of Trust would deprive it of its right to due process
26 because the HOA included amounts in its super-priority lien, such as fines, late fees, interest, dues,
27 and costs of collection that are not allowed to be included in its super-priority lien, if any, under
28 Nevada law.

2017001.1

33. Extinguishment of USB's Deed of Trust would deprive it of its right to due process because the HOA's foreclosure trustee and/or the HOA failed to describe the deficiency in payment as required by Nevada law and failed to give USB, its agents, loan servicers, and/or predecessors in interest, any reasonable opportunity to satisfy the super-priority lien, if any.

34. The HOA assessment lien and foreclosure notices included costs of collection and fees that are not permissible under N.R.S. 116.3102 et seq.

35. The HOA Sale did not comply with N.R.S. 116.3102 et seq.

36. Upon information and belief, at the time of the HOA Sale, the amount owed on the Subject Loan exceeded $153,000.00.

37. Upon information and belief, at the time of the HOA Sale, the fair market value of the Property exceeded $181,000.00.

38. The amount paid by Thunder Properties Inc. at the HOA Sale, upon information and belief, was approximately $6,000.00.

39. The HOA Sale was invalid because the HOA Sale was conducted in a commercially unreasonable manner.

40. The HOA Sale by which Thunder Properties Inc. took its interest was commercially unreasonable if it extinguished USB's Deed of Trust.

41. The sales price at the HOA sale, when compared to the outstanding balance of USB's Note and Deed of Trust and the fair market value of the Property, demonstrates that the HOA Sale was not commercially reasonable or conducted in good faith.

42. The HOA Sale is commercially unreasonable because the HOA's foreclosure trustee and/or the HOA failed to describe the deficiency in payment as required by Nevada law and failed to give USB, its agents, loan servicers, and/or predecessors in interest any reasonable opportunity to satisfy the super-priority lien.

43. The HOA Sale was an invalid sale and could not have extinguished USB's secured interest because it was not a commercially reasonable sale.

44. The circumstances of the HOA Sale of the Property breached the HOA's, HOA's foreclosure trustee' and the other Defendants' obligation of good faith under N.R.S. 116.1113 and

2017001.1

1  their duty to act in a commercially reasonable manner.

2  45.    USB is informed and believes that Thunder Properties Inc. is a professional property

3  purchaser.

4  46.    The circumstances of the HOA Sale of the Property and Thunder Properties Inc.'s

5  status as a professional property purchaser prevent Thunder Properties Inc. from being deemed a

6  bona fide purchaser for value.

## FIRST CAUSE OF ACTION

### (Quiet Title)

9  47.    USB incorporates by reference the allegations of all previous paragraphs, as if fully

10  set forth herein.

11  48.    Pursuant to 28 U.S.C. § 2201 and N.R.S. 40.010, this Court has the power and

12  authority to declare USB's rights and interests in the Property and to resolve the parties' adverse

13  claims in the Property.

14  49.    USB's Deed of Trust is a first secured interest on the Property as intended by N.R.S.

15  116.3116(2)(b).

16  50.    As the current beneficiary under the Subject Deed of Trust securing the Subject Loan,

17  USB retained its first position status in the chain of title for the Property after the HOA Sale.

18  51.    Thunder Properties Inc. claims an interest in the Property through a Trustee's Deed

19  Upon Sale recorded in the Washoe County Recorder's Office as Instrument Number 4342428 which

20  is adverse to USB's interest.

21  52.    The HOA Sale could not have extinguished USB's secured interest for the reasons set

22  forth above in the Factual Allegations.

23  53.    Based on the adverse claims being asserted by the parties, the parties are entitled to a

24  judicial determination regarding the rights and interests of the respective parties to the case.

25  54.    USB is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201 and

26  N.R.S. 40.010, that USB is the beneficiary of a first position Deed of Trust which still encumbers the

27  Property.

28  55.    USB is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201 and

2017001.1

1  N.R.S. 40.010, that USB's secured interest by virtue of its Deed of Trust is superior to the interest, if

2  any, acquired by Thunder Properties Inc. through the Trustee's Deed Upon Sale.

3      56.    It has been necessary for USB to retain counsel in order to file this lawsuit, as a

4  result, USB is entitled to its costs and a reasonable attorneys' fee.

## SECOND CAUSE OF ACTION

**(Declaratory Relief)**

7      57.    USB incorporates by reference the allegations of all previous paragraphs, as if fully

8  set forth herein.

9      58.    Pursuant to 28 U.S.C. § 2201, this Court has the power and authority to declare

10 USB's rights and interests in the Property and to resolve the parties' adverse claims in the Property.

11     59.    The Subject Deed of Trust is a first secured interest on the Property whose priority is

12 protected by N.R.S. 116.3116(2)(b).

13     60.    Thunder Properties Inc. claims an interest in the Property through a Trustee's Deed

14 Upon Sale recorded in the Washoe County Recorder's Office as Instrument Number 4342428 which

15 is adverse to USB's interest.

16     61.    As the current beneficiary under the Deed of Trust, USB's interest in the Property

17 retained its first position status in the chain of title after the HOA Sale.

18     62.    USB is entitled to a judicial determination regarding the rights and interests of the

19 respective parties to the case.

20     63.    USB is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201, that

21 its secured interest by virtue of its Deed of Trust is superior to the interest, if any, acquired by

22 Thunder Properties Inc, or held or claimed by any other party.

23     64.    USB is entitled to a declaration that the HOA Sale conducted by the HOA did not

24 affect or extinguish USB's rights, status, legal relations and interest in the Property.

25     65.    In the alternative, USB is entitled to a determination from this Court that the HOA

26 Sale was not a valid sale and conveyed no legitimate interest to Thunder Properties Inc.

27     66.    USB has been required to retain counsel to prosecute this action and is entitled to

28 recover reasonable attorney's fees to prosecute this action.

2017001.1

**THIRD CAUSE OF ACTION**

**(Declaratory Relief)**

67. USB incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

68. This Court has the duty and jurisdiction to declare unconstitutional any law that violates a protected right.

69. Nevada's HOA foreclosure statutes violate the Due Process Clauses of the Nevada and United States Constitutions because the opt-in notice provisions do not mandate that reasonable and affirmative steps be taken to give actual notice to lenders and other holders of recorded security interests prior to a deprivation of their property rights.

70. Because the Statutes do not require the foreclosing party to take reasonable steps to ensure that actual notice is provided to interested parties who are reasonably ascertainable (unless the interested party first requests notice) they do not comport with long standing principles of constitutional due process.

71. As a direct and proximate result of the above, Nevada's HOA foreclosure statutes are facially unconstitutional in violation of the Due Process Clauses of both the United States and Nevada Constitutions and should be stricken.

72. USB is entitled to a determination from this Court that because the HOA Sale proceeded under an unconstitutional statute, it was not a valid sale, conveyed no legitimate interest to Thunder Properties Inc., and did not extinguish USB's Deed of Trust.

73. USB has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

Wherefore, Plaintiff USB prays for relief as follows:

1. For a judgment determining that Nevada's HOA foreclosure statutes are stricken as unconstitutional;

2. For a declaration and determination that the HOA Sale was invalid and conveyed no legitimate interest to Thunder Properties Inc.;

3. For a judgment quieting title and declaring that USB's Deed of Trust continues to

2017001.1

encumber the Property;

4. For a declaration and determination that USB's interest is secured against the Subject Property, and that USB's first Deed of Trust was not extinguished by the HOA Sale;

5. For a declaration and determination that USB's interest is superior to the interest of Thunder Properties Inc. and all other parties;

6. For a preliminary injunction that Thunder Properties Inc., its successors, assigns, and agents are prohibited from conducting any sale, transfer or encumbrance of the Property that is claimed to be superior to USB's Deed of Trust or not subject to that Deed of Trust;

7. For a preliminary injunction that Thunder Properties Inc. be required to pay all taxes, insurance and homeowner's association dues and segregate and deposit with the Court or a Court-approved trust account over which Thunder Properties Inc. has no control during the pendency of this action;

8. If it is determined that USB's Deed of Trust has been extinguished by the HOA Sale, for special damages in the amount equal to the fair market value of the Property or the unpaid balance of the Subject Loan, plus interest, at the time of the HOA Sale, whichever is greater;

9. For general and special damages;

10. For costs incurred herein, including post-judgment costs;

11. For attorney's fees; and

12. For any and all further relief deemed appropriate by this Court.

DATED: June 19, 2015                WOLFE & WYMAN LLP

By:/s/ *Colt B. Dodrill*
    COLT B. DODRILL, ESQ.
    Nevada Bar No. 9000
    980 Kelly Johnson Drive, Ste. 140
    Las Vegas, NV  89119

    Attorneys for Plaintiff,
    U.S. BANK NATIONAL ASSOCIATION, AS
    TRUSTEE, MASTER ALTERNATIVE LOAN
    TRUST 2004-2 MORTGAGE PASS THROUGH
    CERTIFICATES, SERIES 2004-2

2017001.1