UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK NATIONAL ASOCIATION, AS TRUSTEE, MASTER ALTERNATIVE LOAN TRUST 2004-2 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-2,<br><br>Plaintiff,<br><br>v.<br><br>THUNDER PROPERTIES INC.; DOES 1 through 10, inclusive; ROES Business Entities 1 through 10, inclusive; and all others who claim interest in the subject property located at 3270 Dutch Creek Court, Reno, NV, 89509,<br><br>Defendants. | Case No. 3:15-cv-00328-MMD-WGC<br><br>ORDER |

**I.  SUMMARY**

This case concerns a homeowner association's ("HOA") nonjudicial foreclosure sale pursuant to NRS § 116.3116 *et seq*. Pending before the Court is Plaintiff U.S. Bank National Association's Motion for Summary Judgment ("Motion") (ECF No. 18). The Court has reviewed Defendant Thunder Properties' response (ECF No. 19), Plaintiff's reply (ECF No. 24), and the accompanying exhibits. The Court also heard oral argument on the pending Motion on August 23, 2017. (ECF No. 27.)

For the reasons discussed below, Plaintiff's Motion is granted.

**II.  BACKGROUND**

The facts in this case are not at issue.

In 2002, 3270 Dutch Creek Court, Reno, NV 89509 ("the Property) was conveyed to Phillip Schweber ("Borrower"). (ECF No. 1 at 2-3). On November 26, 2003, Borrower took out a mortgage loan ("the Loan") in the amount of $175,000 from National City Mortgage Co. (ECF No. 1 at 3.) The Loan was secured by a first deed of trust ("DOT") on the Property and was recorded on November 26, 2003 with the Washoe County Recorder. (ECF No. 1 at 3.) The DOT was assigned to Plaintiff on August 7, 2013 and recorded as such. (ECF No. 1 at 3.)

On July 10, 2013, the HOA recorded a Notice of Delinquent Assessment. (ECF No. 1 at 4.) On August 14, 2013, the HOA recorded a Notice of Default and Election to Sell Under Notice of Delinquent Assessment Lien. (ECF No. 1 at 4.) On January 13, 2014, the HOA recorded a Notice of Sale. (ECF No. 1 at 4.) On March 11, 2014, the HOA conducted a foreclosure sale, at which Defendant purchased the property for $6,600.00. (*See* ECF No. 1 at 5.) A Trustee's Deed Upon Sale was recorded on April 8, 2014. (ECF No. 1 at 5.)

At the time of the HOA's foreclosure sale, the amount owed on the Loan exceeded $153,000.00 and the fair market value of the Property exceeded $181,000.00. (ECF No. 1 at 6.)

Plaintiff brings a claim for quiet title and two claims for declaratory relief, asking in part that this Court declare the HOA foreclosure sale did not extinguish the DOT and that Plaintiff is still the beneficiary of a first position DOT encumbering the Property. (ECF No. 1 at 7-10.)

### III.    LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (internal citation omitted). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317,

330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd v. Fritz Cos., Inc.,* 210 F.3d 1099, 1102 (9th Cir. 2000) (internal citation omitted). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, *NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV.    DISCUSSION**

Plaintiff argues that the Ninth Circuit Court of Appeals' decision in *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017), requires this Court to declare that the HOA foreclosure sale did not extinguish Plaintiff's DOT because the sale was conducted under an unconstitutional statute.[1] (ECF No. 18 at 5; ECF No. 24 at 2.) Defendant responds that the Nevada Supreme Court's subsequent decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A.*, 388 P.3d 970 (Nev. 2017), overruled *Bourne Valley* and is binding on this Court. (ECF No. 19 at 11-14.) In *Saticoy Bay*, the Nevada Supreme Court held that the foreclosure procedures under NRS § 116.3116 *et seq.* do not violate a first security interest holder's (also referred to as "first position lienholder") due process rights under both the Nevada and United States Constitutions. *Saticoy Bay*, 388 P.3d at 972-74. Defendant also argues that if this Court follows the Ninth Circuit's decision in *Bourne Valley*, then the Court must apply the 1991 version of NRS Chapter 116, which ostensibly requires that an HOA provides reasonable notice of its intent to foreclose to all lienholders. (ECF No. 19 at 17-20.)[2]

The Court finds Defendant's arguments unpersuasive and finds that the appropriate remedy, consistent with the Ninth Circuit's ruling in *Bourne Valley*, is to declare that Plaintiff's DOT still encumbers the Property.

///

///

///

---

[1]In the alternative, Plaintiff also argues that the HOA foreclosure sale was commercially unreasonable (ECF No. 18 at 6-8)—to which Defendant responded (ECF No. 19 at 23-25)—and that Defendant is not a bona fide purchaser for value of the Property (ECF No. 18 at 8-9)—to which Defendant also responded (ECF No. 19 at 25-27). The Court will not address these arguments as it finds that *Bourne Valley* properly disposes of Plaintiff's Motion.

[2]Defendant also argues that because Plaintiff received actual notice (yet did nothing), it is consistent with the ruling in *Bourne Valley* to deny Plaintiff's Motion. (*See* ECF No. 19 at 21-22.) However, the Ninth Circuit held in *Bourne Valley* that the opt-in notice scheme was facially unconstitutional; therefore, it is irrelevant whether Plaintiff received actual notice.

### A. Applicability of *Bourne Valley*

In *Bourne Valley*, the Ninth Circuit held that the opt-in notice scheme[3] established in NRS § 116.3116 *et seq.*[4] is facially unconstitutional because it requires a lender with a first position deed of trust to affirmatively request notice of an HOA's intention to foreclose, which the court found to be a violation of the lender's due process rights. 832 F.3d at 1156. The Ninth Circuit made this decision in light of the Nevada Supreme Court's decision in *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 412 (Nev. 2014), in which the state supreme court interpreted the statute to give an HOA a "superpriority" lien on a homeowner's property for up to nine months of unpaid HOA dues that, when foreclosed upon, extinguished all junior interests in the property. *See Bourne Valley*, 832 F.3d at 1156-57. Thus, the Ninth Circuit found that enactment of the statute's opt-in notice scheme "unconstitutionally degraded [the first position lienholder's] interest" and that but for this scheme the first position lienholder's rights in the property would not be extinguished. *Id.* at 1160.

As noted previously, Defendant argues that the *Bourne Valley* decision is not binding on this Court and that this Court is instead bound by the *Saticoy Bay* decision because federal courts are bound by the decisions of a state's highest court when interpreting state law. (ECF No. 19 at 11-12.) However, the *Bourne Valley* opinion does not constitute an interpretation of state law. Rather, the Ninth Circuit relied on the interpretation of the statute as espoused by the Nevada Supreme Court in *SFR Investments Pool 1* to find that the statute's opt-in notice scheme was unconstitutional under the federal constitution. *Bourne Valley*, 832 F.3d at 1157. Moreover, to the extent that the Nevada Supreme Court found the statute to be constitutional under the federal constitution, this Court is not bound by the state supreme court's determination. *See*

///

---

[3]As discussed in Section IV(B), the opt-in notice scheme came into existence through amendments made by the Nevada legislature in 1993.

[4]The *Bourne Valley* court referred to NRS § 116.3116 *et seq.* as "the statute." 832 F.3 at 1156. Sections 116.3116 through 116.3117 create the framework by which HOAs may foreclose on their liens through a nonjudicial sale.

5

*Watson v. Estelle*, 886 F.2d 1093, 1095 (9th Cir. 1989) (stating that the decision of a state supreme court construing the United States Constitution is not binding on federal courts).

Therefore, *Bourne Valley* applies to this Court's determination of whether the HOA's foreclosure sale extinguished Plaintiff's DOT.

### B. Return to Notice Scheme in 1991 Version of NRS § 116.3116 *et seq.*

Defendant next argues that because the Ninth Circuit ruled that the opt-in notice scheme found in the 1993 version of NRS 116.3116 *et seq.* was unconstitutional, the "notice scheme" should return to that embedded in the 1991 version of the statute. (*See* ECF No. 19 at 14-15.) In 1993, the Nevada legislature added or altered the relevant notice provisions overturned by the Ninth Circuit Court of Appeals in its *Bourne Valley* decision, specifically NRS §§ 116.31163, 116.311635, and 116.31168. *See Bourne Valley,* 832 F.3d at 1158-1160. Defendant contends that the 1991 version of the statute includes a "notice scheme" that is predominantly located in NRS § 116.31168 ("the 1991 Statute"). This provision states:

> The provisions of NRS 107.090 apply to the foreclosure of an association's lien as if a deed of trust were being foreclosed. The request must identify the lien by stating the names of the unit's owner and the common-interest community. *The association must also give reasonable notice of its intent to foreclose to all holders of liens in the unit who are known to it.*

A.B. 221, 1991 Nev. Stat., ch. 245, § 104, at 570-71 (emphasis added). The last sentence regarding reasonable notice was then removed by the 1993 amendments.[5] A.B. 612, 1993 Nev. Sta., ch. 573, § 40, at 2373. Thus, Defendant argues that a return to the 1991 Statute requires the Court to determine whether the HOA gave reasonable notice of its intent to foreclose to all lienholders of the unit that were known to it at that time, meaning all recorded lienholders. (*See* ECF No. 19 at 18.) Plaintiff counters that the 1991 Statute suffers from constitutional infirmities similar to those that plagued the opt-in notice scheme adopted by the 1993 amendments. (*See* ECF No. 24 at 2, 5.) Consequently, the

///

---

[5]Sections 116.31163 and 116.311635 were created in the 1993 amendments. A.B. 612, 1993 Nev. Stat., ch. 573, § 40, at 2354-55.

6

provision would be ripe for another Fourteenth Amendment challenge if the Court were to analyze the HOA's actions under the 1991 Statute.

Nevada law does lend support to Defendant's argument that where a statute is found to be unconstitutional, it is as if the statute was never passed. *See Nev. Power Co. v. Metro. Dev. Co.*, 765 P.2d 1162, 1163-64 (Nev. 1988) ("null and void ab initio," "of no effect, affords no protection, and confers no rights"). However, the Court declines to analyze the HOA's actions under the purported notice scheme in the 1991 Statute. To begin, there is no clear rule or case law requiring this Court to definitively hold that the 1991 Statute's final sentence contains the notice requirement applicable to first position lienholders during the time period of 1993 to 2015. Secondly, even if the Court were to accept that the final sentence of the 1991 Statute is the proper standard by which to analyze whether Plaintiff received adequate notice, the Court agrees with Plaintiff that this provision is ripe for constitutional consideration. Therefore, analyzing the facts of this case under the 1991 Statute would require the Court to entertain another set of due process challenges, which is inconsistent with established precedent holding that courts ought to construe statutes so as to avoid constitutional infirmities. *See Clark v. Martinez*, 543 U.S. 371, 380-81 (2005) ("[W]hen deciding which of two plausible statutory constructions to adopt, a court must consider the necessary consequences of its choice. If one of them would raise a multitude of constitutional problems, the other should prevail[.]"). Thus, to avoid further constitutional challenges here, the Court declines to apply the 1991 Statute to the facts of this case, as it is not clear that the legislature created the 1991 version of the statute or passed the particular amendments in 1993 with first position lienholders like Plaintiff in mind.[6]

---

[6]In fact, a stated purpose of the 1993 amendments was to provide fairer notice to owners of units in common-interest communities who were delinquent in association assessments. A.B. 612, Summary of Legislation, 67th Sess., at 27 (Nev. 1993), https://www.leg.state.nv.us/Division/Research/Library/LegHistory/LHs/1993/AB612,1993.pdf. A stated purpose of the section creating the opt-in notice scheme in the 1993 amendments was to give an individual like a lessee of a unit notice where the lessee otherwise did not have notice that the property was to be foreclosed upon. *Id.* at 37. But, more generally, the purpose of the amendments was to correct technical errors in the 1991 version of the law. *Id.* at 49.

## C. Equitable Relief

Plaintiff requests that this Court hold that the HOA foreclosure sale did not extinguish its DOT through its claim for quiet title under NRS § 40.010. (ECF No. 1 at 7-8; ECF No. 18 at 5.) "At common law, courts possessed inherent equitable power to consider quiet title actions, a power that required no statutory authority." *Shadow Wood Homeowners Ass'n, Inc. v. N.Y. Cmty. Bancorp, Inc.*, 366 P.3d 1105, 1111 (Nev. 2016) (internal citation omitted); *see also Humble Oil & Ref. Co. v. Sun Oil Co.*, 191 F.2d 705, 718 (5th Cir. 1951) (An action for quiet title "is a purely equitable proceeding."). Thus, equitable relief may be granted in defective HOA lien foreclosure sales. *Shadow Wood,* 366 P.3d at 1107 ("We . . . reaffirm that, in an appropriate case, a court can grant equitable relief from a defective HOA lien foreclosure sale."). Equitable relief powers are broad. *Brown v. Plata*, 563 U.S. 493, 538 (2011) ("the scope of a district court's equitable powers . . . is broad, for breadth and flexibility are inherent in equitable remedies.") (internal quotation marks and citation omitted). A court granting equitable relief should weigh the equities involved, including equity to the public. *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) ("As always when federal courts contemplate equitable relief, our holding must also take account of the public interest.").

The Court finds that the most equitable remedy under the circumstances here is to declare that Plaintiff's DOT still encumbers the Property, a holding consistent with Plaintiff's requested relief and the ruling in *Bourne Valley*. This remedy is equitable with respect to the parties in this case as well as to the general public. As to Plaintiff, this declaration remedies the injury it suffered as a result of the unconstitutional opt-in notice scheme, namely the extinguishment of its lien on the Property. As to the HOA, this remedy allows the sale to remain intact, thereby ensuring that the delinquent assessments for which the HOA foreclosed upon the Property remain satisfied.[7] As to Defendant, this

---

[7] If the Court were to invalidate the sale, the HOA would face the additional difficulty and expense of tracking down Borrower. Moreover, the HOA would have to foreclose upon the Property once again in order to satisfy the nine months of delinquent assessments in the event Borrower declined to cure the default.

result is equitable because the purchase of the Property entailed a risk that the statutory framework that enabled the HOA to sell the Property at such a discounted price would be found to be unconstitutional (as litigation challenging the constitutionality of the opt-in notice scheme in federal and state court had already begun). As to the general public, this remedy is equitable because it preserves market stability. Alternatives such as setting aside the foreclosure sale would create chaos, as both parties agreed at the hearing on August 23.

Therefore, the Court resolves Plaintiff's quiet title claim in favor of Plaintiff. Plaintiff's two other claims for declaratory relief are denied as moot.[8]

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of Plaintiff's Motion.

It is therefore ordered that U.S. Bank National Association's Motion for Summary Judgment (ECF No. 18) is granted. The Court finds that the HOA foreclosure sale did not extinguish Plaintiff's DOT, which continues to encumber the Property.

The Clerk is instructed to enter judgment in favor of U.S. Bank National Association on its quiet title claim and close this case.

DATED THIS 14th day of September 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[8] Plaintiff also brings two claims for declaratory relief, asking this Court to declare that: (1) the HOA sale did not affect or extinguish their rights or interest in the Property; or (2) the HOA sale was not valid, conveyed no legitimate interest to Defendant, and did not extinguish Plaintiff's DOT. (ECF No. 1 at 8-9.)