# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S. BANK NATIONAL ASOCIATION, AS TRUSTEE, MASTER ALTERNATIVE LOAN TRUST 2004-2 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-2,<br><br>Plaintiff,<br>v.<br><br>THUNDER PROPERTIES INC.; DOES 1 through 10, inclusive; ROES Business Entities 1 through 10, inclusive; and all others who claim interest in the subject property located at 3270 Dutch Creek Court, Reno, NV, 89509,<br><br>Defendant. | Case No. 3:15-cv-00328-MMD-WGC<br><br>ORDER |

Before the Court is Plaintiff's motion for attorneys' fees. (ECF No. 30.) The Court has reviewed Defendant's response (ECF No. 31) and Plaintiff's reply (ECF No. 35). The Court denies Plaintiff's motion.

This Court granted summary judgment in favor of Plaintiff after extensive briefing and oral argument in light of the developing case law relating to Nevada's statute governing non-judicial foreclosure of an HOA lien. (*See* ECF No. 28.) Indeed, the Court had *sua sponte* stayed this action, along with other cases involving an HOA foreclosure sale, because of the Ninth Circuit Court of Appeals' decision in *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017). (ECF No. 16.) In *Bourne Valley,* the Ninth Circuit held that the opt-in notice scheme

established in NRS § 116.3116 *et seq.* is facially unconstitutional. *Id.* at 1157–59. However, the Nevada Supreme Court subsequently reached essentially the opposite finding in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A.*, 388 P.3d 970 (Nev. 2017). This Court granted summary judgment in favor of Plaintiff after the United States Supreme Court declined to grant certiorari in *Bourne Valley*. This Court further had to address the effect of *Bourne Valley*'s holding—including whether the HOA foreclosure sale should be set aside or should be deemed subject to Plaintiff's first deed of trust—which was not an easy task by any means. For all these reasons, the Court agrees with Defendant that Plaintiff's request for attorneys' fees under NRS § 18.010(2)(b) and 28 U.S.C. § 1927 are tenuous at best.

It is therefore ordered that Plaintiff's motion for attorney's fees (ECF No. 30) is denied.

DATED THIS 29th day of August 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE